UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MARTIN,

    Petitioner,

v.

C. ZYCH,

    Respondent.

_____/

CASE NO. 2:09-10423
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Robert Martin, ("petitioner"), presently confined at the Federal Correctional Institution in Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner claims that he is being denied medical treatment. For the reasons stated below, the application for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

**I. Background**

Petitioner claims that he has been suffering from a recurring acne lesion on the left side of his face since August of 2003. Petitioner contends that he is receiving inadequate medical treatment for this condition in prison. Petitioner contends that the medical staff at FCI-Milan refuse to allow him to see a dermatologist or otherwise prescribe him the correct medication to alleviate this condition.

**II. Discussion**

The instant petition is subject to summary dismissal because petitioner is challenging the conditions of his confinement.

1

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007).  Complaints like the ones raised by petitioner which involve conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)).  A petition for writ of habeas corpus is not the proper vehicle for a prisoner's claim that prison officials have been deliberately indifferent to his medical needs, because release from custody is not an available remedy for a deliberate indifference claim. *See Glaus v. Anderson,* 408 F. 3d 382, 387 (7th Cir. 2005); *See also Hamilton v. Gansheimer,* 536 F. Supp. 2d 825, 841-42 (N.D. Ohio 2008).  A federal inmate like petitioner should therefore bring his medical indifference claim as a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). *Glaus,* 408 F. 3d at 386-87.  Because petitioner challenges only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell,* 170 Fed. Appx. 389, 393 (6th Cir. 2006).

This Court, will not, however, convert petitioner's habeas petition into a civil action brought pursuant to *Bivens*.  The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required

to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). Under the PLRA, when an inmate seeks pauper status, the only issue for the district court to determine is whether the inmate is required to pay the entire three hundred and fifty ($ 350.00) dollar filing fee at the outset of the case or over a period of time under an installment plan. *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). If a prisoner wishes to file a civil action and seek pauper status, the prisoner must file an affidavit of indigency as well as a certified copy of his or her prison account statement showing the activity in the inmate's prison account for the previous six months. *Id.* at 605.

In addition, the PLRA requires that district courts screen all civil cases brought by prisoners. See *McGore*, 114 F. 3d at 608. If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

Finally, a federal district court may dismiss an incarcerated plaintiff's civil case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C.§ 1915(g) (1996); *See also Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999).

Because of the vastly different procedural requirements for habeas petitions and other

3

civil actions brought by prisoners, a court confronted with a habeas petition that is properly brought under § 1983 or *Bivens* should dismiss the petition, rather than "converting" the petition to a civil action brought pursuant to § 1983 or *Bivens*. *Richmond v. Scibana*, 387 F. 3d 602, 606 (7th Cir. 2004); *See also Martin v. Overton*, 391 F. 3d 710, 713 (6th Cir. 2004)(holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner).  More specifically, petitioner is not entitled to have his habeas petition alleging deliberate indifference to medical needs re-characterized as a federal civil rights claim under *Bivens* to avoid dismissal of the petition, because petitioner has named the warden in his official capacity as the defendant. *Glaus,* 408 F. 3d at 389.  A proper civil rights action would be required to name as the defendants, in their individual capacities, those persons who harmed petitioner. *Id.*

### III.  CONCLUSION

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.**  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

**SO ORDERED.**

                S/Paul D. Borman  
                PAUL D. BORMAN  
                UNITED STATES DISTRICT JUDGE

Dated:  February 17, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 17, 2009.

                S/Denise Goodine  
                Case Manager